**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Otis HAYES, Defendant–Appellant.**
**No. 97–1522.**

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 13, 1998.

Decided March 23, 1999.

Patricia G. Blake (argued and briefed), Office of the U.S. Attorney, Detroit, MI, for Plaintiff–Appellee.

John R. Minock (argued and briefed), Cramer, Minock & Gallagher, Ann Arbor, MI, for Defendant–Appellant.

Before: BATCHELDER and MOORE, Circuit Judges; OLIVER,* District Judge.

MOORE, J., delivered the opinion of the court, in which OLIVER, D. J., joined. BATCHELDER, J. (pp. 395–98), delivered a separate dissenting opinion.

MOORE, Circuit Judge.

Otis Hayes appeals his sentence for bank robbery, claiming that the district court improperly relied on *ex parte* communications from victims of the crime. Because the court's failure to disclose this evidence was plain error and was prejudi-

---

* The Honorable Solomon Oliver, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

cial to Hayes's rights, we **VACATE** the sentence and **REMAND** for resentencing.

## I. BACKGROUND

Hayes was convicted in federal court of bank robbery and use of a firearm during a crime of violence. A probation officer prepared a presentence report, to which Hayes was given an opportunity to respond. Under the heading "Victim Impact," the report stated, "The victim in this case is Michigan National Bank however, all the money was recovered." Joint Appendix (J.A.) vol. II at 5. The report calculated Hayes's offense level under the Sentencing Guidelines as twenty-four, with a criminal history category of IV. Neither party objected to this calculation, which leads to a Guidelines sentencing range of seventy-seven to ninety-six months. *See* U.S. SENTENCING GUIDELINES Ch. 5, Pt. A (1998) (Sentencing Table). The presentence report also noted that the firearm count carried a mandatory, consecutive, sixty-month sentence.

At the sentencing hearing, after the lawyers had made their arguments and Hayes had been given the opportunity to address the court, the court pronounced sentence. It began by commenting briefly on Hayes's criminal history and the relatively light sentences he had received in the past. The district judge then stated:

> I didn't bring with me out to the bench but I should have, unfortunately these are in the files of other defendants, but I received a number of letters from people who were in the bank at the time that you robbed it, including tellers and customers, and I just want you to know the effect that this had on those people. Several of those people are in counse[l]ing; they can't sleep at night. They're having nightmares. The teller in particular, when Mr. Herron jumped over the counter with the gun, is in a desp[e]rate situation. I don't think that you understand the consequences of the kind of activities that you've been engaged in.

> One woman wrote me that she can't even go to work. She wasn't able to work for six months after this robbery.

> Now, you may not take that seriously, sir, but as a judge, I take it very seriously. These people who are doing nothing but their job or just simply doing what they do in life. They go into the bank, just as if your family would go into a bank or into a supermarket or a convenience store and somebody would walk in with a gun, put them to peoples' heads. You may not understand the impact on these people. But I want you to understand what these people feel and how they've reacted.

J.A. vol. I at 56–57. Before the court made these remarks, neither Hayes nor his attorney knew that the letters described by the court existed. After commenting again on Hayes's criminal history and expressing the hope that he would use his time in prison constructively, the district court sentenced Hayes to ninety-six months in prison on the bank robbery count, the maximum sentence permitted under the Guidelines. Hayes then filed timely notice of this appeal.

## II. ANALYSIS

■ Because Hayes did not object to the district court's use of the letters in determining his sentence, we analyze his appeal under Rule 52(b) of the Federal Rules of Criminal Procedure, which permits us to notice "plain errors" regardless of the appellant's failure to object. The Supreme Court laid out the framework for Rule 52(b) analysis in *United States v. Olano,* 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). Hayes must establish first that an error occurred, and second that the error was "plain." *See id.* at 732–34, 113 S.Ct. 1770. Third, he must demonstrate that the error affected substantial rights. *See id.* at 734, 113 S.Ct. 1770. Finally, if all three factors are present, we must determine whether this is an appropriate case in which to exercise our discretion to correct the error despite Hayes's

procedural forfeiture. *See id.* at 735–36, 113 S.Ct. 1770.

## A. ERROR

■ The Fifth Amendment requires that no person be deprived of liberty without due process of law. *See* U.S. Const. amend. V. Federal Rule of Criminal Procedure 32 protects the right to due process by requiring disclosure of most information relied upon at sentencing. *See* Fed. R.Crim.P. 32(c)(3)(A). The purpose of the rule is to promote "focused, adversarial resolution of the legal and factual issues relevant to fixing Guidelines sentences." *Burns v. United States,* 501 U.S. 129, 137, 111 S.Ct. 2182, 115 L.Ed.2d 123 (1991).

The government does not dispute that reliance on the undisclosed letters would have been improper but instead argues that the district court did not in fact rely on the letters. In support of this argument, the government points out that the district court did not depart from the Guidelines or enhance Hayes's sentence under any particular Guidelines provision. The Guidelines, however, leave the sentencing judge with discretion to choose from a range of sentences, and in this case Hayes was sentenced to the maximum permissible sentence. The fact that the court did not take the additional step of departing from the Guidelines on the basis of the letters does not mean that it did not rely on the letters in deciding to sentence Hayes to ninety-six rather than seventy-seven months in prison.

. The district court's comments explaining Hayes's sentence take up less than three pages in the transcript, and one full page is devoted to discussing the letters. The court stressed that it took the experiences of the victims, as described in the letters, "very seriously." J.A. vol. I. at 57. "We are not at liberty to assume that items given such emphasis by the sentencing court, did not influence the sentence which the prisoner is now serving." *Townsend v. Burke,* 334 U.S. 736, 740, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948). In *United States v.*

*Patrick,* we held that the district court had committed error by relying, without notice, on evidence from another defendant's sentencing hearing to determine Patrick's role in the offense. *See United States v. Patrick,* 988 F.2d 641, 647 (6th Cir.), *cert. denied,* 510 U.S. 845, 114 S.Ct. 136, 126 L.Ed.2d 99 (1993). We reached this conclusion even though we described the sentencing judge as having "referred in passing" to the extraneous evidence. *See id.* at 644. It was sufficient that "[t]he sentencing judge clearly had [the extraneous evidence] in mind" when determining Patrick's sentence. *Id.* at 647. The district court's reliance on undisclosed evidence is far more apparent here than it was in *Patrick.* We therefore conclude that the court committed error.

## B. PLAIN ERROR

We also conclude that this error was "plain," which means that it was "clear" or "obvious." *Olano,* 507 U.S. at 734, 113 S.Ct. 1770.

■ Notice and the opportunity to be heard are the core of due process. Rule 32 requires that except in certain limited circumstances, *see, e.g.,* Rule 32(b)(5), the defendant must have the opportunity to review information that will be used for sentencing. Though Rule 32(b)(6) only expressly deals with the right to review the presentence investigation report, the right to review other information relied on by a court at sentencing is implicit in the adversarial scheme created by Rule 32 and in the requirement of Rule 32(c)(1) that both counsel for the defendant and the government must be provided "an opportunity to comment on the probation officer's determination and on other matters related to the appropriate sentence." Even when it is necessary to exclude information from the presentence report for reasons of confidentiality, the sentencing court must summarize in writing any information upon which it relies, and the defendant must have "a reasonable opportunity to

comment on that information." FED. R.CRIM. P. 32(c)(3)(A). In *Burns*, the Supreme Court held that the adversarial scheme created by Rule 32 requires the district court to give notice before departing from the range of sentences suggested by the Guidelines. The Court held that such notice was necessary "[b]ecause the Guidelines place essentially no limit on the number of potential factors that may warrant a departure," so that "no one is in a position to guess when or on what grounds a district court might depart, much less to 'comment' on such a possibility in a coherent way." *Burns*, 501 U.S. at 136–37, 111 S.Ct. 2182. The Court also held that failing to construe Rule 32 to require notice of a possible departure would raise a "serious question" under the Due Process Clause. *Id.* at 138, 111 S.Ct. 2182.

This court has held that the rule in *Burns* is limited to departures from the Guidelines and does not extend to require notice when the district court plans to *apply* the Guidelines in a manner different from what is recommended in the presentence report. *See United States v. Guthrie*, 144 F.3d 1006, 1012 (6th Cir.1998) (holding that district court need not provide advance notice to defendant of its intent to enhance sentence pursuant to a Guidelines provision). A defendant is, of course, on notice of the contents of the Guidelines. While there is "no limit" on what the court might identify as the basis for a departure, the legal determination to apply a particular provision is one that defense counsel can more reasonably be expected to anticipate, and to respond to at the sentencing hearing on the basis of the known facts. Even the dissent in *Burns*, however, did not go so far as to say that a defendant is not entitled to notice of factual information on which the sentencing court intends to rely. *See Burns*, 501 U.S. at 150 n. 5, 111 S.Ct. 2182 (Souter, J., dissenting). In fact, the dissent suggested, as an example of a matter on which Rule 32 entitles a defendant to comment, "the existence and significance of facts indicating the sentence that the court should

choose within the applicable Guidelines range." *Id.* at 144, 111 S.Ct. 2182. Furthermore, this court held in *Patrick* that reliance on undisclosed factual evidence is improper, although in that case we found the error to be harmless. We therefore conclude that the district court's reliance on *ex parte* communications to determine Hayes's sentence was plainly in error.

In *United States v. Curran*, the First Circuit held, pursuant to its supervisory powers, that letters such as these must be disclosed, but it expressly stated that the failure to disclose violated neither Rule 32 nor the Due Process Clause. *See United States v. Curran*, 926 F.2d 59, 61–62 (1st Cir.1991). We disagree with this conclusion. While the First Circuit was correct that neither Rule 32 nor the Due Process Clause requires that absolutely everything be disclosed, *see id.* at 62, we presume that criminal defendants are generally entitled to notice of the evidence against them. We do not agree that information furnished directly to the court that is utilized at sentencing is not required to be disclosed under Rule 32 merely because it was "not made part of the presentence report." *Id.* at 61. Holding that the requirements of Rule 32 apply only to what the court designates as the "presentence report" would be contrary to *Burns*, which held that Rule 32 applies to the district court's mere intention to depart from the Guidelines. Evidence used at sentencing may not be kept from the defendant simply by failing to incorporate it into the presentence report.

■ Similarly, as the Tenth Circuit has held, Rule 32 requires that letters used to prepare the presentence report generally be disclosed to the defendant. *See United States v. Burger*, 964 F.2d 1065, 1072 (10th Cir.1992). In *Burger*, the district court received letters from the FDIC and its chairperson, whom the court considered victims of the defendant's bank fraud. As was its practice, the court forwarded the letters to the probation office. The court

later asserted that disclosure to the defendant of the letters was unnecessary because its sentencing decision was based not on the letters but on the presentence report. *See id.* at 1069. However, it was clear that the probation office had considered the letters in preparing the report. *See id.* at 1072. Although Rule 32 refers only to disclosure of "the presentence report," the Tenth Circuit rightly held that letters relied on in preparing the report must be disclosed.

■ Rule 32(b)(5) provides for special circumstances, when evidence received by a probation officer must be kept confidential, and 32(c)(3) seeks to satisfy due process by providing an alternative means for informing the defendant of the nature of that evidence. It would be anomalous to conclude that other evidence to be utilized by the court at sentencing is not subject to similar requirements. We think that the best course is for the district court to direct the letters to the probation officer to be incorporated—or not, depending on the applicability of Rule 32(b)(5)—in the presentence report. In some circumstances, another procedure might be more appropriate for practical reasons, such as when the court receives letters after the presentence report has been prepared, but in all cases the defendant must have notice and the opportunity to respond to information relied on in determining the sentence. Relying on the letters without providing them to the defense plainly violated the procedures required by Rule 32.

## C. EFFECT ON SUBSTANTIAL RIGHTS

The final step in determining whether Hayes is eligible for relief under Rule 52(b) is that Hayes must persuade us that the error "affected the outcome of the district court proceedings." *Olano,* 507 U.S. at 734, 113 S.Ct. 1770. As we have mentioned, the district court sentenced Hayes to the maximum allowable sentence, and the impact of the crime on the victims, as conveyed by their letters, was promi-

nent in the court's own explanation for the sentence.

In *Patrick,* we concluded that the sentencing court's reliance on extra-record information was harmless because that information was, for the most part, cumulative of other evidence properly before the court. The only non-cumulative evidence was the district court's "essentially irrebuttable" impression of how Patrick's demeanor differed from another defendant's. Because of these circumstances, advance notice would not have given Patrick "any additional incentive or ability to challenge the accuracy of the evidence." *Patrick,* 988 F.2d at 648. In contrast, the letters in this case contain factual assertions and therefore are not the type of evidence that is "essentially irrebuttable." The government, however, faults Hayes for failing to specify *how* he would have responded to the letters had he received notice of them. We are not sure how he can be expected to do so. The letters are not part of the record of this case, and so far as we are aware Hayes and his attorney have yet to see them. The government asks that Hayes do exactly what he has been denied the opportunity to do: respond to the evidence submitted against him. We will not insist that Hayes rebut evidence he has never seen in order to establish that he was prejudiced by the district court's reliance on that evidence.

For the same reason, we cannot accept on faith the government's assertion that the letters are similar to evidence presented at trial. The district court did not read the letters into the record or even have them in the courtroom during the sentencing hearing. The sentence pronouncement was based on what the court remembered about the letters, but counsel was not in a position to correct any mistakes in the court's recollection. *Cf. Townsend,* 334 U.S. at 741, 68 S.Ct. 1252 (reversing sentence because defendant lacked counsel who "could have taken steps to see that the conviction and sentence were not predicated on misinformation" about the defen-

dant's criminal record). Given the district court's own emphasis on the letters, we will not assume that they contained nothing new.

One other factor was important in *Patrick* and deserves mention here. We noted in *Patrick* that the defendant knew in advance that the issue of his role in the offense was before the court as a possible grounds for enhancing his sentence. "Under such circumstances, Patrick already had an adequate incentive to present any evidence or arguments he could that would contradict the inference that he was a leader." *Patrick,* 988 F.2d at 648. In contrast, Hayes had no notice that "victim impact" would be a factor at his sentencing hearing—the presentence report listed only the bank as the victim and mentioned that all the money had been recovered.

■ Because Hayes received the maximum sentence allowed by the Guidelines, and the record does not reveal that the victim letters relied on by the district court were cumulative of other evidence properly before the court, we conclude that the court's reliance on the letters prejudiced the outcome of the sentencing hearing.

### D. DISCRETIONARY POWER UNDER RULE 52(b)

■ Having determined that we have the power to act on Hayes's appeal despite his procedural forfeiture, we must now consider whether it is appropriate to exercise our discretion to grant relief. Use of this discretion is appropriate when "a miscarriage of justice would otherwise result." *Olano,* 507 U.S. at 736, 113 S.Ct. 1770 (internal quotation marks omitted). Although the phrase "miscarriage of justice" is sometimes used to describe errors that result in the conviction of an innocent defendant, in this context the phrase refers more broadly to errors that "'seriously affec[t] the fairness, integrity or public reputation of judicial proceedings.'" *Id.* (quoting *United States v. At-kinson,* 297 U.S. 157, 160, 56 S.Ct. 391, 80 L.Ed. 555 (1936)). The use of undisclosed evidence against a criminal defendant, without the safeguards of Rule 32(c)(3)(A), is the type of error that may undermine the fairness of a proceeding and that certainly tarnishes the public reputation of judicial proceedings. *See Curran,* 926 F.2d at 63 (emphasizing its concern for the appearance of injustice when defendant is sentenced on the basis of undisclosed information). We therefore exercise our discretion to grant relief.

### III. CONCLUSION

Because the district court erred by relying on *ex parte* communications from victims of the crime to determine Hayes's sentence, we **VACATE** the sentence and **REMAND** this case for resentencing within the already-determined Guidelines range. On remand, the letters should be disclosed to the defendant prior to the sentencing hearing unless they meet Rule 32(b)(5)'s criteria for nondisclosure, in which case the court should follow the procedure required by Rule 32(c)(3)(A).

BATCHELDER, Circuit Judge, dissenting.

Neither constitutional due process nor FED.R.CRIM.P. 32 requires the result reached by the majority in this case. In addition, even if Rule 32 could be interpreted as requiring disclosure to the Defendant of the information contained in the letters, the sentencing judge's discussion of the letters at sentencing fulfilled this requirement and thus his failure to disclose them in their entirety was harmless error.

The Sentencing Reform Act provides for judicial review of sentences only in limited circumstances. 18 U.S.C. § 3742(a) provides that a defendant may appeal if the sentence:

(1) was imposed in violation of law;

(2) was imposed as a result of an incorrect application of the sentencing guidelines; or

(3) is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range, or includes a more limiting condition of probation or supervised release under section 3563(b)(6) or (b)(11) than the maximum established in the guideline range; or

(4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

18 U.S.C.A. § 3742(a) (West Supp.1998). The only subsection potentially applicable to this appeal is an allegation that the Defendant's sentence was imposed in violation of law. In an unpublished opinion, we have previously set forth examples of sentences imposed in violation of law:

[W]e can clearly review a sentence within the guideline range that, for example, exceeds the statutory maximum sentence for the offense. Additionally, we can review sentences within the guidelines that allegedly violate the Constitution.... Thus, if a district judge explicitly stated that he was sentencing the defendant to the highest sentence within the correct guideline because the defendant was black, or female, we would clearly be able to review the sentence.

*United States v. Blanton*, No. 90–5533, 1990 WL 197832, at *3 (6th Cir. Dec. 7, 1990) (unpublished); *accord United States v. Nichols*, 979 F.2d 402, 409 n. 4 (6th Cir.1992). In *Nichols*, we found that where a defendant alleged that the sentencing judge violated his Fourth Amendment rights by considering evidence obtained in violation of those rights to arrive at defendant's sentence, the defendant properly set forth an appealable issue under 18 U.S.C. § 3742(a). *Id.* at 409. Therefore, because Defendant in the instant case alleges that the sentencing judge's consideration of the letters without first disclosing them violates FED. R.CRIM. P. 32 and/or due process, the issue is appealable.

First, I must distinguish between the majority's explicit holding in this case, *i.e.*, that the sentencing court violated Rule 32 in failing to turn over the letters or a summary of their contents to the probation officer, and a more broad assertion, not explicitly relied upon by the majority, that the actions violated constitutional due process. This Court has recognized that sometimes certain actions may constitute a technical violation of the Federal Rules of Criminal Procedure, but may not rise to the level of a constitutional violation. *See United States v. Mandell*, 905 F.2d 970, 973–74 (6th Cir.1990); *United States v. Fry*, 831 F.2d 664, 667–68 (6th Cir.1987).

In *Mandell*, we addressed a district court's violation of Rule 32(c)(3)(D) in failing to make findings as to alleged factual inaccuracies in the defendant's presentence investigation report. 905 F.2d at 973. We noted that in order to state a due process violation, the defendant "must raise grave doubt as to the veracity of the information and show that the court relied on that false information in determining the sentence." *Id.* (internal quotation marks omitted). While adhering to the technical violation versus due process violation distinction, however, we noted that it may be necessary to remand for resentencing even for a technical violation of the rule. *Id.* at 974.

Therefore, I must again emphasize that it is Rule 32, and not constitutional due process, that provides the basis for the majority's decision. In fact, due process does not compel the result in this case. *See Burns v. United States*, 501 U.S. 129, 138, 111 S.Ct. 2182, 115 L.Ed.2d 123 (1991) (refusing to address whether due process requires that a court notify parties of its intention to *sua sponte* depart upward from the sentencing guidelines, instead relying on a technical violation of Rule 32); *United States v. Berzon*, 941 F.2d 8, 19 &

n. 17 (1st Cir.1991) (noting that *Burns* does not rely on due process, citing Rule 32 advisory committee notes (1966): "It is not a denial of due process of law for a court in sentencing to rely on a report of a presentence investigation without disclosing such report to the defendant or giving him an opportunity to rebut it."); *United States v. Curran*, 926 F.2d 59, 62 (1st Cir.1991) (recognizing that there is no judicial precedent holding that the Due Process Clause requires disclosure of all information relied upon by the sentencing court; noting that such a requirement would appear to be irreconcilable with Rule 32(c)(3) which authorizes nondisclosure of certain information); *see also Burns*, 501 U.S. at 146–56, 111 S.Ct. 2182 (Souter, J., dissenting) (offering a cogent analysis of why due process would not compel the result reached by the majority in this case).

In addition, the plain language of Rule 32 does not support the majority's reasoning. Rule 32 addresses two types of information: information that must be in the presentence report (Rule 32(b)(4)) and information that must be excluded from the presentence report (Rule 32(b)(5)). Although the majority argues that this implies that the sentencing judge cannot consider other information, the Rule does not directly so state. Other courts faced with situations similar to that before us in this case have straightforwardly recognized that Rule 32 does not explicitly govern the result in these cases. *See Curran*, 926 F.2d at 63 (recognizing that Rule 32 does not apply to letters sent to the court, and therefore relying on the court's supervisory powers to require disclosure to the defendant); *United States v. Louis*, 814 F.2d 852, 858 (2d Cir.1987) (relying on fairness

and "the rationale behind Fed.R.Crim.P. 32(c)(3)" to require disclosure to defendant of outside information and an opportunity to respond).

Even if we find that Rule 32 implicitly requires that all information upon which the sentencing judge intends to rely which does not fall within the Rule 32(b)(5) exception must be in the presentence report or disclosed to the defendant in some form, the judge must be given the discretion to decide whether the information falls within Rule 32(b)(5). The majority's reasoning may lead us to later cases where we are asked to review whether the sentencing judge abused his discretion in determining that the information falls within the exception. In addition, the judge may have to discern whether any letters purportedly written on behalf of the defendant, *i.e.*, from his family, friends, or counselors, may also contain information which should be disclosed to the defendant for some reason. This would inject unneeded oversight into the sentencing process.

Finally, even assuming that Rule 32 compels disclosure to the defendant of all information upon which the judge intends to rely in sentencing, case law indicates that the rule was complied with in this case. As we noted in *United States v. Patrick*, the Supreme Court's decision in *Burns* "left open the possibility that the notice requirement might be met simply by notice at the [sentencing] hearing." *Patrick*, 988 F.2d 641, 646 n. 7 (citing *Burns*, 501 U.S. at 139 n. 6, 111 S.Ct. 2182)[1]; *cf. United States v. Corace*, 146 F.3d 51, 54–55 (2d Cir.1998) (holding that when a "defendant challenges only the court's failure to give such notice—but neither the facts contained in the communication nor any factual inferences to be drawn

---

1. The Supreme Court noted in *Burns*:

   Because the question of *timing* of the reasonable notice required by Rule 32 is not before us, we express no opinion on that issue. Rather, we leave it to the lower courts, which, of course, remain free to adopt appropriate procedures by local rule. *See* Guidelines § 6A1.2, and official com-

   mentary ("Courts should adopt procedures to provide for … the narrowing and resolution, where feasible, of issues in dispute in advance of the sentencing hearing"). *See also* n. 3, *supra* (listing local rules established to govern resolution of objections to findings in presentence report).
   *Burns*, 501 U.S. at 139 n. 6, 111 S.Ct. 2182.

from it—reversal is not warranted"). Although we found error in the judge's failure to notify defendant that he was considering the testimony of another defendant from that defendant's sentencing hearing, we found the error to be harmless, partially based on the fact that defendant's counsel made only minimal argument to rebut the information, did not ask for a continuance, and seemed to have no other argument to counter the outside information. *Id.* at 649.

Similarly, the Tenth Circuit in *United States v. Burger* also noted that any notice requirement created by Rule 32 can be fulfilled by notifying defendant of the outside letters at the sentencing hearing. 964 F.2d 1065, 1073 (10th Cir.1992). In *Burger*, in order to calculate the restitution amount, the probation officer and the court relied on a letter sent to them; however, the court did not mention the letter at sentencing and thus, the defendant knew nothing about it. *Id.* at 1072. Although the court found a violation of Rule 32, it noted that the defendant was not necessarily entitled to a hearing to challenge the truthfulness of the allegations. *Id.* at 1073. In simply ordering resentencing, the court noted that, "Rule 32 requires only that each of the parties be given 'an opportunity to *comment* upon the probation officer's determination and on other matters relating to the appropriate sentence.' ... Whether a defendant is also entitled to a hearing is within the discretion of the sentencing court." *Id.*

Our discussion in *Patrick*, taken in conjunction with the language in *Burns* and *Burger*, suggests that any nebulous notice requirement which exists in this case, as a result of Rule 32 or the spirit of due process, was fulfilled by the district court's description of the letters at the sentencing hearing. There was no plain error here. For the foregoing reasons, I dissent.