**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jerry E. WHITE, Sr., Defendant–**
**Appellant.**

No. 01–5091.

United States Court of Appeals,
Sixth Circuit.

July 31, 2002.

Before KRUPANSKY and BOGGS, Circuit Judges; HOOD,* District Judge.

PER CURIAM.

Defendant–Appellant Jerry E. White, Sr., has challenged the district court's application of the Federal Sentencing Guidelines to the facts of his case. Specifically, White has contended that the district court erred in determining that White should have foreseen that his conduct would result in serious financial and bodily harm. White has further argued that the district court failed to give him proper notice when it applied the obstruction of justice guideline.

In the summer of 1999, White owned a houseboat, which had become dilapidated and unusable. The houseboat was docked in the Island Cove Marina on the Tennessee River. Rather than resort to measures which would improve the seaworthiness of the boat, White engaged the services of an employee of his construction company, Stanley Dennison, to destroy his houseboat in an effort to fraudulently collect the insurance proceeds. On previous occasions, White had contracted with Dennison to destroy by arson his sister's home and a rental home owned by White. White fraudulently collected the insurance proceeds on both properties. Initially, the two agreed to ram a pontoon boat into White's houseboat while White was away on vacation. However, the two later dismissed that idea and decided to burn the boat while White was in Florida.

While White was in Florida, Dennison approached Tommy Muse, another employee of White's construction company, for assistance in burning the houseboat. Dennison did not inform White that Muse would be an accomplice to the arson. On August 9, 1999, at 3:40 A.M., Dennison and Muse used flares to burn both White's houseboat and the neighboring houseboat. While White had not requested Dennison to burn any other houseboats, Dennison concluded that burning another houseboat would conceal their felonious conduct. Unfortunately, the flames quickly spread to other houseboats in the marina, causing the loss of twenty-five of them. The total economic damage was estimated to be $3,355,000. In addition, three individuals who had been residing in their houseboats were injured, one of them severely.

On June 13, 2000, a federal grand jury indicted White on seven counts: (1) conspiracy to commit arson in violation of 18 U.S.C. § 844(i); (2) arson of White's houseboat in violation of 18 U.S.C.

---

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

§ 844(i); (3) use of wire communication to defraud the insurer of his houseboat in violation of 18 U.S.C. § 1343; (4) use of fire in commission of a felony, namely, wire fraud, in violation of 18 U.S.C. § 844(h); (5) use of the mail to defraud the insurer of his sister's home in violation of 18 U.S.C. § 1341; (6) further use of the mail to defraud the insurer of his sister's home in violation of 18 U.S.C. § 1341; (7) use of the mail to defraud the insurer of his rental property in violation of 18 U.S.C. § 1341.[1] On September 18, 19, 20, 21, 25, and 26, 2000, the parties presented their case to a jury. On September 29, 2000, the jury convicted White on counts 3, 5 and 6 of the indictment. The jury was unable to reach a verdict as to counts 1, 2, and 4. The district court thereupon ordered a new trial on those counts and directed the probation officer to prepare a Presentence Investigation Report ("PSR") for the counts on which White was convicted. After conducting interviews with White, Dennison, Muse, and law enforcement officials, the probation officer recommended a thirteen-level enhancement for causing damage in excess of $2,500,000, a two-level enhancement for causing serious injury, and a two-level enhancement for obstruction of justice due to White's perjurious statements at trial. White objected to each of these enhancements.

On January 8, 2001, the district court conducted a sentencing hearing. The district court first found that White and Dennison had agreed to burn White's houseboat.[2] The district court then determined that it was foreseeable that the arson would cause serious injury and economic harm and enhanced White's offense level by thirteen levels for the damages in-

curred to the other boats in the marina and by two levels for the injuries to the three individuals. The district court then found that White had obstructed justice by perjuring himself on the witness stand by denying the existence of an agreement to burn his houseboat and further enhanced White's offense level by two levels. The district court sentenced White to seventy-one months in prison, three years of supervised release, and restitution of $80,250.00. On January 11, 2001, White timely filed his notice of appeal. On February 9, 2001, White and the government reached an agreement as to the remaining counts. In return for White's abandonment on appeal of his challenge to his conviction, the government agreed to dismiss the remaining counts. White's instant challenge to his sentence remains.

This court "review[s] a sentencing court's interpretation of the Sentencing Guidelines and sentencing statutes *de novo* and its factual findings for clear error." *United States v. Swiney*, 203 F.3d 397, 401 (6th Cir.), *cert. denied*, 530 U.S. 1238, 120 S.Ct. 2678, 147 L.Ed.2d 288 (2000).

White has challenged the district court's finding that the destruction of the other boats at the marina was a foreseeable result of White's conduct. White has principally argued that his co-conspirators acted without his knowledge in torching two boats rather than one. White's argument lacks merit. Not only did White develop, and benefit from, the overall fraudulent scheme, it was foreseeable that Dennison, in an effort to deflect attention from the conspiracy, would set fire to another boat. White's boat was virtually unusable; moving it out to sea before destroying it would not have been possible

---

1. The district court dismissed count 7 with prejudice for lack of evidence.

2. White denied the existence of an agreement at trial. White has not challenged before this court the district court's finding that an agreement to commit arson existed.

without detection by the local authorities. As such, the district court did not err in enhancing White's offense level by thirteen levels for the damage caused to the other boats in the marina.

■ A similar analysis applies to the foreseeability of the serious injuries suffered by others at the marina. This court has noted that "[t]he likelihood that a fire might spread to a nearby dwelling is the kind of clearly foreseeable circumstance that supports a conclusion that a defendant knowingly created a risk of death or serious bodily injury to another[.]" *United States v. Johnson,* 152 F.3d 553, 556 (6th Cir.1998). The three individuals who suffered bodily injury testified that White knew they were living on their houseboats in the marina. It was foreseeable that starting a fire in one houseboat in the marina might endanger the lives of others if the fire were to spread. Consequently, the district court did not err in enhancing White's offense level by two levels for creating a risk of serious injury to others.

■ Finally, White has argued that the district court failed to provide him with specific notice of the statements which the court felt were perjurious before applying the obstruction of justice guideline of the Federal Sentencing Guidelines. The obstruction of justice guideline provides that "[i]f . . . the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense, . . . increase the offense by two levels." U.S.S.G. § 3C1.1. The district court increased White's sentence because White perjured himself on the witness stand when he denied that he was involved in the arson of his houseboat. White has argued that the PSR did not reference the specific statements in his testimony which were perjurious so he could not adequately comment on the PSR's recommendation at sentencing.

The PSR stated, in relevant part:

> Jerry White testified at trial denying his involvement in the offenses. He denied many of the factual allegations in the case and his guilt. It is the government's position that Mr. White committed perjury in material statements he made regarding the offenses of conviction. Mr. White's denial of guilt and his statements regarding his involvement do appear to be perjury. Perjury is grounds for applying the adjustment for obstruction of justice.

White has relied on *Burns v. United States,* 501 U.S. 129, 111 S.Ct. 2182, 115 L.Ed.2d 123 (1991) for the proposition that he was entitled to more specific notice of his perjurious statements. In *Burns,* the Court decided that Rule 32 of the Federal Rules of Criminal Procedure prohibited the district court from *sua sponte* imposing an upward departure in calculating a sentence without notice to the defendant. *Burns,* 501 U.S. at 137, 111 S.Ct. 2182. White's reliance on *Burns* is misplaced as the case before the court differs markedly from *Burns.* In *Burns,* neither the probation officer nor the government recommended an upward departure. Neither party had any idea the district court was contemplating an upward increase until the day of sentencing. In the case *sub judice,* however, the PSR specifically noted that the defendant had committed perjury and recommended an upward departure. The PSR's general reference to defendant's testimony was sufficient where the PSR clearly indicated the nature of the perjurious statements, *i.e.,* the denials of involvement in the conspiracy to commit arson. Moreover, it was unnecessary for the PSR to recite chapter and verse where

White's denials of involvement formed the basis of his defense.[3]

For the foregoing reasons, the district court's judgment is AFFIRMED.

---

**3.** White has also relied on *United States v. Hayes,* 171 F.3d 389 (6th Cir.1999). In *Hayes,* this court noted that

Though Rule 32(b)(6) only expressly deals with the right to review the presentence investigation report, the right to review other information relied on by a court at sentencing is implicit in the adversarial scheme created by Rule 32 and in the requirement of Rule 32(c)(1) that both counsel for the defendant and the government must be provided an opportunity to comment on the probation officer's determination and on other matters related to the appropriate sentence. Even when it is nec-essary to exclude information from the presentence report for reasons of confidentiality, the sentencing court must summarize in writing any information upon which it relies, and the defendant must have a reasonable opportunity to comment on that information.

*Id.* at 391–93. White's reliance on *Hayes* is misplaced. *Hayes* concerned documents which were not given to the defendant before sentencing, but were nevertheless used to support an upward departure for obstruction of justice. In the case *sub judice,* White had access to his trial testimony, which was the basis of the charge of perjury.