NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0587n.06

No. 12-6212

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jun 18, 2013
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF KENTUCKY |
| FRED FELTMAN ROSER, IV, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: MOORE and GRIFFIN, Circuit Judges; and SARGUS, District Judge.[*]

GRIFFIN, Circuit Judge.

On September 28, 2010, police executed search warrants at two residences in Lexington, Kentucky, where officers discovered large quantities of cocaine and marijuana and an arsenal of firearms. Defendant Fred Feltman Roser lived at one of the residences and frequently visited the other. Defendant pleaded guilty to conspiracy to distribute cocaine, conspiracy to distribute marijuana, and possession of firearms in furtherance of drug trafficking crimes.

The advisory Guidelines range for the drug convictions was 57 to 71 months of imprisonment, and defendant faced a 60-month statutory sentence for the firearm conviction. The district court denied defendant's motion for a downward departure under U.S.S.G. §§ 5H1.3 (mental

_____

[*]The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District of Ohio, sitting by designation.

and emotional conditions) and 5K2.13 (diminished capacity). Nonetheless, the district court agreed to downward depart based on defendant's substantial assistance to law enforcement. Having considered the advisory Guidelines, as well as the factors set forth in 18 U.S.C. § 3553(a), the district court ultimately sentenced defendant to fifty months of imprisonment and four years of supervised release. Defendant appeals the district court's judgment. For the reasons that follow, we affirm.

Defendant first argues that the district court erred when it denied his motion for a downward departure under U.S.S.G.§§ 5H1.3 and 5K2.13. "We have consistently held that the decision by a district court not to depart downwards from the Guidelines is not reviewable on appeal unless the record reflects that the district court was not aware of or did not understand its discretion to make such a departure." *United States v. Butler*, 207 F.3d 839, 843 (6th Cir. 2000); *see also United States v. Bazazpour*, 690 F.3d 796, 804 (6th Cir. 2012). Because the record in this case shows that the district court was aware of, and fully understood, its discretion to depart downward, we are without authority to second-guess its judgment. *Bazazpour*, 690 F.3d at 804.

Defendant argues that we should nonetheless review his sentence because the district court acted unreasonably by "ignor[ing] uncontradicted expert testimony" and "consider[ing] factors which were neither reliable nor relevant." In support of this argument, defendant relies on *Gall v. United States*, 552 U.S. 38, 51 (2007). But *Gall* does not provide an exception to the limitation on our review. *See Butler*, 207 F.3d at 843. The fact that the district court discredited expert testimony and considered factors that, in defendant's opinion, were unreliable or irrelevant, does not indicate that

the district court lacked an awareness of, or an understanding about, its discretion to enter a departure sentence. Accordingly, the issue is outside the scope of our review.

Defendant next argues that the district court denied him a full and fair opportunity to respond to evidence relied on at sentencing. Specifically, defendant complains that the district court improperly considered the fact that he maintained his driver's license and successfully obtained a carry and conceal permit following his brain injury. Defendant also suggests that there is no record evidence to support the district court's finding that he dealt in large quantities of drugs and money over a prolonged period of time. We disagree on both points.

Sentencing courts are largely unrestrained in their consideration of "information concerning the background, character, and conduct of a person convicted of an offense." 18 U.S.C. § 3661; *Pepper v. United States*, 131 S. Ct. 1229, 1240 & n.8 (2011). Nonetheless, "[t]he Fifth Amendment requires that no person be deprived of liberty without due process of law. Federal Rule of Criminal Procedure 32 protects the right to due process by requiring disclosure of most information relied upon at sentencing." *United States v. Hayes*, 171 F.3d 389, 392 (6th Cir. 1999) (internal citation omitted). Accordingly, we have held that a district court commits error if it relies on extraneous, non-record evidence in fashioning a sentence. *See id*. (district court erred by considering previously undisclosed letters at the defendant's sentencing hearing); *United States v. Patrick*, 988 F.2d 641, 647 (6th Cir. 1993) (district court erred by relying, without notice, on information from a codefendant's plea hearing to support a Guidelines enhancement).

In this case, however, the fact that defendant had maintained his driver's license and successfully obtained a carry and conceal permit is neither extraneous nor outside the record. Indeed, the subjects were discussed in some detail at various proceedings. At his rearraignment, the district court asked defendant in no uncertain terms, "did you have a driver's license during that period of time?" Defendant responded, "I had a driver's license during that period of time, yes . . . . It wasn't taken away." At the sentencing hearing held on September 5, 2012, defense counsel acknowledged, "[t]here's been some discussion in this case about [defendant's] ability to drive." The district court also asked whether defendant had obtained a carry and conceal permit. Defense counsel acknowledged that defendant had successfully obtained such permit, and defendant admitted the same. Thus, defendant had ample notice that the district court might rely on this information in fashioning his sentence, and he could have rebutted or otherwise challenged the evidence at the continued sentencing hearing held on September 10, 2012. We therefore conclude that no due process violation occurred.

Regarding whether defendant dealt in large quantities of drugs and money over a prolonged period of time, the issue is not so much a due process argument, but a challenge to the district court's factual findings. A district court's "factual findings will not be set aside unless clearly erroneous." *United States v. Vasquez*, 560 F.3d 461, 473 (6th Cir. 2009). Here, defendant admits that, between April 2010 and September 2010, police observed him at the residences in question. When officers executed search warrants, they discovered "approximately 157 marijuana plants and a marijuana grow operation" at one of the residences. At the other residence, they discovered "approximately

1 kilogram of cocaine, approximately 31 individually packaged pounds of processed marijuana in block form, [and] 5 more marijuana plants," as well as "numerous firearms" and "multiple cases of ammo." A large floor safe "contained approximately $11,700 in cash," and officers also seized "$215, five silver bars, nine silver coins, and a Rolex." Thus, the undisputed record supports the district court's factual finding that defendant dealt in large quantities of drugs and money over a prolonged period of time.

Lastly, defendant argues that the district court should have granted him a downward departure based on the conditions of his pre-sentence confinement. However, defendant never asked the district court to consider his pre-sentence confinement as a basis for a departure sentence. Although he mentioned the fact of his pre-sentence confinement in passing at sentencing, his motion for a downward departure was based on U.S.S.G.§§ 5H1.3 and 5K2.13 only. Defendant's sentencing memorandum likewise limited the grounds for departure to these sections. The memorandum's only mention of his pre-sentence confinement was in response to an anticipated argument by the government that a departure sentence would not reflect the seriousness of his offense and would not conform to sentences imposed in other cases involving convictions of similar crimes. Further, at no point prior to this appeal did defendant cite to any authority in the sentencing Guidelines or case law that would support the district court's consideration of his pre-sentence confinement as a basis for a downward departure. Although we acknowledge that "pre-sentence confinement conditions may in appropriate cases be a permissible basis for downward departures," *United States v. Carty*, 264 F.3d 191, 196 (2d Cir. 2001) (per curiam), when a defendant fails to raise a specific mitigating factor

at sentencing, the district court's failure to consider the unargued factor is not an abuse of discretion, *United States v. Walls*, 546 F.3d 728, 737 (6th Cir. 2008). And to the extent that defendant's argument is for a variance under 18 U.S.C. § 3553(a), we conclude that the district court's sentence was procedurally and substantively reasonable.

For these reasons, we affirm defendant's convictions and sentences.