NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0680n.06

No. 12-4207

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

<table>
<tr><td>UNITED STATES OF AMERICA,</td><td>)</td><td rowspan="11"></td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>Plaintiff-Appellee,</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>v.</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>KEVIN L. MURPHY,</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>Defendant-Appellant.</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
</table>

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO

FILED
Jul 23, 2013
DEBORAH S. HUNT, Clerk

BEFORE:  ROGERS and COOK, Circuit Judges, and VAN TATENHOVE, District Judge.[*]

ROGERS, Circuit Judge.  Kevin Murphy appeals his sentence of 108 months imprisonment, imposed by the district court after the court granted Murphy's 28 U.S.C. § 2255 motion to vacate his original 120-month sentence.  Murphy pled guilty to three counts of transporting an individual for prostitution, in violation of 18 U.S.C. § 2421, and two counts of transporting a minor for prostitution, in violation of 18 U.S.C. § 2423(a).  Murphy now argues that the district court violated Federal Rule of Criminal Procedure 32(i)(3)(B) by applying sentencing enhancements without making the required factual findings of disputed issues; erred in relying on grand jury materials that were never made available to Murphy; and abused its discretion in erroneously calculating Murphy's guideline sentencing range.  Murphy's claims on appeal are meritless.

---

[*]The Honorable Gregory F. Van Tatenhove, United States District Judge for the Eastern District of Kentucky, sitting by designation.

On May 2, 2007, Murphy was charged in a five-count indictment with transportation of individuals for prostitution and transportation of minors for prostitution, in violation of 18 U.S.C. §§ 2421 and 2423(a). *See* R. 1 at 1-3. Murphy was alleged to have operated an escort service that transported women between Toledo, Ohio, and various destinations in Illinois, Michigan, and Washington, D.C., with the intent that they engage in prostitution. One of these women, A.J., was a minor at the time. After initially pleading not guilty, on July 2, 2007, Murphy pled guilty on all five counts without a negotiated plea agreement in place. *See* R. 29 at 18–19.

At sentencing, the district court applied the minor-inducement enhancement under U.S.S.G. § 2G1.3(b)(3)(A), which applies when the defendant uses a computer or interactive computer service to induce a minor to engage in prohibited sexual conduct, and the misrepresentation enhancement under § 2G1.3(b)(2)(A), which applies when the defendant misrepresents his identity or age to induce a minor to engage in prohibited sexual conduct. The district court determined Murphy's guideline sentencing range to be 108 to 135 months, and sentenced Murphy to 120 months imprisonment followed by a five-year term of supervised release. *See* R. 31 at 8. Murphy appealed, arguing that the district court's enhancement of his sentence violated his Sixth Amendment right to a trial by jury. Finding no Sixth Amendment violation, this court affirmed. *See United States v. Murphy*, 382 F. App'x 460 (6th Cir. 2010).

Murphy moved *pro se* to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 on February 27, 2012, raising three claims. Murphy argued that his trial counsel was ineffective for not securing a written plea agreement, that the district court plainly erred by not ensuring that

Murphy had an opportunity to review his presentence report prior to sentencing, and that the sentencing enhancements were improperly imposed without Murphy's knowledge and for the wrong reasons. The government opposed the first two claims in its response. On the third claim, the government agreed that the minor-inducement enhancement under § 2G1.3(b)(3)(A) had been wrongly applied. The government argued, however, that Murphy should have been subject to the third-party-inducement enhancement in subsection (B) of U.S.S.G. § 2G1.3(b)(3)—which requires the inducement *of a third party* to have sex with a minor rather than the inducement of *the minor* to engage in sexual acts—instead of subsection (A) of that provision.[1] *See* R. 52 at 12. The government also conceded that because Murphy did not misrepresent his age to the minor, the misrepresentation enhancement under § 2G1.3(b)(2)(A) was misapplied. The government argued that Murphy's sentence should have been enhanced instead under the undue-influence enhancement in § 2G1.3(b)(2)(B). *See* R. 52 at 12–13.

---

[1] In its response to Murphy's § 2255 motion, the government explained:

Guideline § 2G1.3(b)(3) consists of two parts. Subsection (3)(A) deals with the use of a computer or interactive computer service to persuade a *minor* to engage in prohibited sexual conduct. In contrast, Subsection (3)(B) deals with the use of a computer or interactive computer service to persuade a *person* to engage in prohibited sexual conduct *with the minor*. *See* § 2G1.3(b)(3) (emphasis added). "Subsection (B), which applies when the defendant entices 'a person' to engage in illegal sexual conduct with the minor, does not apply *without three people*—the defendant, the minor, *and the third person who is being enticed*." *United States v. Lay*, 583 F.3d 436, 448 (6th Cir. 2009) (Merritt, J., dissenting in part) (emphasis added).

R. 52 at 10. The government contended that "Murphy's [presentence report] erroneously cited subsection (A) when it should have cited (B)." *Id.*

The district court denied Murphy's motion on the first two claims. *See* R. 53 at 2–3. With respect to the enhancement under § 2G1.3(b)(3), the district court agreed that the enhancement under subsection (A) was erroneous, and that the presentence report should have cited the enhancement in subsection (B) instead. *See id.* at 3. With respect to the enhancement under § 2G1.3(b)(2), the district court again agreed that subsection (B) rather than (A) should have been applied, and noted that subsection (b)(2)(B) established a "rebuttable presumption . . . [that the defendant] unduly influenced the minor to engage in prohibited sexual conduct" where as here, the defendant is at least ten years older than the minor. *See United States v. Lay*, 583 F.3d 436, 446 (6th Cir. 2009) (quoting U.S.S.G. § 2G1.3 cmt. n.3(B)). The district court reserved its final ruling on whether Murphy exerted undue influence until the resentencing hearing. R. 53 at 4.

In June 2012, the district court appointed a new attorney, Bonnie R. Rankin, to represent Murphy. At a hearing on August 27, 2012, Rankin asked the court for access to sealed grand jury transcripts that would aid in rebutting the presumption of undue influence under § 2G1.3(b)(2)(B). Because Rankin was newly appointed to the case, the government agreed, and the district court ordered the government to make the transcripts available for defense counsel's review. At the Government's suggestion, the court also ordered that the transcripts be made available for its own *in camera* review prior to the resentencing hearing. *See* R. 93 at 5–6. Rankin thereafter reviewed the transcripts.

At the resentencing hearing on September 13, 2012, the district court heard testimony from Murphy and defense witness George Cleveland. The court then stated:

> [T]he facts known today were also known five years ago at the original sentencing. When that sentence was imposed, the facts were known, and except for the differing testimony which was offered today by Mr. Murphy, nothing new has come forth. . . . At this time during a resentencing it is totally appropriate to consider all guideline sections which are applicable and apply those which The Court finds should by the facts be so applied. After reading the memoranda filed by the parties and the defendant and the grand jury transcripts which were provided to me by the government, listening to the testimony elicited this morning and reviewing again the current PSR dated August 21, 2012, I find that by a preponderance of the evidence the defendant is appropriately subject to the enhancement sought by the government, pursuant to sections 2G1.3[(b)(2)(B)] and [(b)(3)(B)] of the guidelines.

R. 94 at 51. The district court determined that Murphy's guideline sentencing range was 108 to 135 months, *see id.* at 52, and imposed a low-end sentence of 108 months imprisonment, to be followed by a five-year term of supervised release, *see id.* at 59. Murphy now appeals his new sentence.

Murphy's claim that the district court violated Federal Rule of Criminal Procedure 32(i)(3)(B), by not making required factual findings of disputed issues prior to applying sentencing enhancements in calculating the appropriate guideline sentencing range, is meritless. This court requires literal compliance with Rule 32(i)(3)(B) and our review is *de novo*. *United States v. White*, 492 F.3d 380, 414–15 (6th Cir. 2007). The rule requires that at sentencing, the court "must—for any disputed portion of the presentence report or other controverted matter—rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." Fed. R. Crim. P. 32(i)(3)(B).

The district court did not violate Rule 32 by applying the undue-influence and third-party-inducement enhancements. At the resentencing hearing, the district court heard testimony, considered the written submissions by Murphy and the government, and relied on the record at the

original sentencing and the grand jury transcripts. The district court emphasized that "the facts known today *were also known five years ago* at the original sentencing. . . . except for the differing testimony which was offered today by Mr. Murphy, *nothing new has come forth*." R. 94 at 51 (emphasis added). The district court did not summarily dismiss a disputed factual issue or blindly adopt the presentence report.

At the resentencing hearing, the sole disputed factual issue was whether Murphy had exerted undue influence over A.J. The government and defense counsel both questioned Murphy about his interactions with A.J. in addressing this issue. The district court heard testimony that Murphy had once beaten A.J., had bought her a drink at a club, had taken photographs of her in a swimsuit, in lingerie, and in the nude, and had either driven her or accompanied her to out-of-town conventions as part of his escort business. *See* R. 94 at 13-15, 17-19, 22-23. In its opinion partially granting Murphy's § 2255 motion, the district court acknowledged that a rebuttable presumption of undue influence applied because Murphy was more than ten years older than A.J. *See* R. 53 at 4. By finding it appropriate to apply the undue-influence enhancement in resentencing Murphy, the district court concluded that Murphy had failed to rebut that presumption at the hearing.

The district court also found sufficient facts to support the application of the third-party-inducement enhancement. The court heard evidence that Murphy took nude and sexually explicit photographs of A.J., used his computer to download those photographs and burn them onto CDs, and used at least one of those images in marketing flyers for his escort service. *See* R. 94 at 38. These facts were sufficient to support the district court's determination that Murphy used a computer or

interactive computer service to entice or encourage a person to engage in prohibited sexual conduct with a minor.

Although the district court's statement was brief, it was sufficient to satisfy Rule 32(i)(3)(B). In a similar situation, this court has held:

> [The defendant] claims that the district court fell short of its duty to comply with this rule because it failed to make factual findings on the [disputed] question of leadership. This contention, however, ignores the fact that the district court did make factual findings on that issue when it stated that "the evidence which I heard at trial demonstrated beyond a reasonable doubt that [the defendant] was an organizer and leader . . . ." *Although brief, this statement is a sufficient ruling* on [the defendant's] objection. It satisfies this court's requirement of "literal compliance" with Rule 32(i)(3)(B) because it *shows that the district court actually found facts* by at least a preponderance of the evidence rather than blindly embracing the presentence report.

*United States v. Keeler*, 285 F. App'x 262, 268 (6th Cir. 2008) (emphasis added).

The cases that Murphy relies on are distinguishable. For instance, Murphy cites this court's recent decision in *United States v. Quail*, No. 12-5013, 2013 WL 425352 (6th Cir. Feb. 4, 2013), which held that the district court violated Rule 32(i)(3)(B) when it used vague, unclear language in discussing a disputed issue at sentencing and "never affirmatively ruled that [the defendant] did or did not sexually abuse the minor." *Id.* at *4. By contrast, in this case the district court clearly stated that it was relying on the facts adduced at the original hearing and the resentencing hearing, the parties' filings, and the grand jury transcripts, in determining that Murphy was subject to the two sentencing enhancements. Murphy's reliance on cases in which the district court merely accepted presentence-report recommendations, even after the defendant objected and raised factual disputes, is also misplaced. *See, e.g.*, *United States v. Ross*, 502 F.3d 521, 531 (6th Cir. 2007). In this case,

the district court did not summarily adopt the presentence report. Reversal is not warranted on the Rule 32 claim raised by Murphy.

Murphy's argument that the district court improperly relied on sealed grand jury materials that were unavailable to him does not amount to plain error, because Murphy's counsel reviewed those materials prior to the resentencing hearing. The district court noted at resentencing that those materials had been made available for review, and Murphy's counsel had actually reviewed them. Murphy failed to preserve this issue for appeal by failing to object before the district court, and the claim is therefore reviewed only for plain error affecting Murphy's substantial rights. *See* Fed. R. Crim. P. 52(b); *United States v. Bostic*, 371 F.3d 865, 872–73 (6th Cir. 2004).

Murphy argues that the district court plainly erred because the grand jury transcripts were never filed or made part of the record, and were withheld from him personally. However, the law does not require grand jury proceedings be disclosed to the defendant personally instead of defendant's counsel, and Murphy cites no case that stands for such a proposition. Instead, Murphy relies on *United States v. Hayes*, 171 F.3d 389 (6th Cir. 1999) in support of his claim, but that case is inapposite. In *Hayes*, the district court noted at sentencing that it had received letters from people who were in the bank that the defendant had robbed, and had reviewed those letters before arriving at a sentencing decision. Neither the defendant *nor defense counsel* had been aware of the letters or had reviewed them and, on appeal, the government did not even dispute the impropriety of relying on such letters, arguing instead that the district court had not actually relied on the letters. *See id.* at 391–92.

Letters to the court are clearly distinguishable from the grand jury transcripts at issue in Murphy's case. This court has previously noted the importance of preserving the secrecy of grand jury proceedings, emphasizing that "the government is generally prohibited from disclosing any testimony heard by the grand jury." *In re Antitrust Grand Jury*, 805 F.2d 155, 160 (6th Cir. 1986). Moreover, Murphy's counsel reviewed the transcripts, in clear contrast to the defendant's counsel in *Hayes*. Because Murphy's counsel reviewed the grand jury transcripts, Murphy's substantial rights were not adversely affected. While we do not necessarily endorse the district court's reliance on the grand jury transcripts, the court's action did not amount to plain error.

Murphy's challenge to the reasonableness of the sentence is meritless because the district court did not abuse its discretion in calculating Murphy's guideline range and imposing a sentence at the low end of that range. The district court determined, in light of all the evidence, that it was appropriate to enhance Murphy's guideline range under the undue-influence and third-party-inducement enhancements, and then reduced it for Murphy's acceptance of responsibility. This had the net effect of increasing Murphy's guideline range from 70 to 87 months to 108 to 135 months. This court reviews the procedural and substantive reasonableness of the district court's sentence for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007).

The district court's sentence was procedurally reasonable because it properly enhanced Murphy's guideline range after evaluating the evidence relevant to all disputed factual issues, considered the required factors under 18 U.S.C. § 3553, and considered the parties' arguments. The

evidence adduced at the original sentencing hearing and the resentencing hearing supported the application of both enhancements. The sentencing guidelines provide:

> (2) If (A) the offense involved the knowing misrepresentation of a participant's identity to persuade, induce, entice, coerce, or facilitate the travel of, a minor to engage in prohibited sexual conduct; or (B) a participant otherwise unduly influenced a minor to engage in prohibited sexual conduct, increase by 2 levels.
> (3) If the offense involved the use of a computer or an interactive computer service to (A) persuade, induce, entice, coerce, or facilitate the travel of, the minor to engage in prohibited sexual conduct; or (B) entice, encourage, offer, or solicit a person to engage in prohibited sexual conduct with the minor, increase by 2 levels.

U.S.S.G. § 2G1.3(b).

With respect to U.S.S.G. § 2G1.3(b)(2)(B), the undue-influence enhancement, the district court properly noted that a presumption of undue influence applied because Murphy was substantially older than A.J., being 30 years older, and Murphy failed to rebut that presumption at the hearing. *See* U.S.S.G. § 2G1.3 cmt. n.3(b); *see also Lay*, 583 F.3d at 446; *United States v. Castellon*, 213 F. App'x 732, 738 (10th Cir. 2007). In addition, the evidence showed that Murphy had previously struck A.J., and had photographed her in lingerie, swimsuits, and in the nude when she was only fifteen years old. Although Murphy continued to deny, even after pleading guilty, that A.J. worked for him as an escort, Murphy could not explain the repeated instances that A.J. traveled with the entourage of women who he admitted worked for him as escorts.

The district court also properly applied U.S.S.G. § 2G1.3(b)(3)(B), the third-party-inducement enhancement. Murphy took photographs of A.J. that he uploaded onto his computer and burned onto compact discs. At least one of those images appeared in a flyer advertising his escort business, and Murphy admitted that he was actively trying to market that business. This satisfies the

requirement that Murphy use a computer or interactive computer service to entice or solicit a third party to engage in prohibited sexual conduct with a minor.

Murphy's sole argument is that the application of the two enhancements was improper and, therefore, the district court procedurally erred by imposing a sentence based on an improperly enhanced guideline range. For the reasons discussed, that argument is meritless. The district court properly calculated Murphy's guideline range and imposed a procedurally and substantively reasonable sentence at the low end of that range.

The judgment of the district court is affirmed.