NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0755n.06

No. 13-6440

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
*Oct 01, 2014*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| FREDERICK M. HARRIS, | ) | KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE:  BATCHELDER, GILMAN, and GIBBONS, Circuit Judges.

PER CURIAM.  Frederick M. Harris, a federal prisoner, appeals through counsel the 200-month sentence imposed following his guilty plea to a charge of conspiracy to distribute controlled substances.

A presentence report was prepared in this case, which indicated that Harris was a career offender, based on at least two previous controlled-substance offenses.  Harris was in the highest possible criminal history category regardless of his career offender status, based on a list of convictions fifteen pages long.  The guidelines range was calculated at 188 to 235 months of imprisonment.  Harris filed a sentencing memorandum in which he argued that a sentence within the range would be excessive.  He cited a Sentencing Commission report to the effect that the recidivism rate for career offenders with only prior drug offenses, as opposed to crimes of violence, is only 27 percent.  He asked for a sentence of 74 months, calculated without the career offender offense level, and argued that his co-defendants received sentences of 65 months or

less.  At the sentencing hearing, the district court noted that comparison with the sentences received by co-defendants was not necessary, but that comparison should be made with others convicted of this offense nationwide.  The court noted that the average sentence in 2011 was 172 months, and the average guidelines minimum was 225 months.  The court also responded to the argument about recidivism, citing a Bureau of Justice statistic showing that someone with a record comparable to Harris's had an 82 percent chance of recidivism.  The district court found no basis for a downward variance.  The district court contrasted this situation with one in which the court granted a downward variance to 120 months for a career offender who had only two prior controlled-substance convictions and no others.  After Harris allocuted and the government moved for consideration of his cooperation in a state case, the district court determined to sentence Harris to 35 months less than the maximum guidelines sentence it had originally considered.

In his brief before this court, Harris argues that his sentence is substantively unreasonable because the district court assumed that he would reoffend and failed to consider the sentencing factors.  He also argues that his sentence is procedurally unreasonable because the district court did not give notice of its intent to rely on the statistics it cited and did not respond to his argument for leniency.

We review the substantive reasonableness of a sentence under an abuse-of-discretion standard.  *United States v. Herrera-Zuniga*, 571 F.3d 568, 581 (6th Cir. 2009).  No abuse of discretion is apparent in the alleged assumption by the district court that Harris would reoffend, given his criminal record to date.  The record demonstrates that far from failing to discuss the sentencing factors, the court addressed the sentencing factors comprehensively.  A lengthy explanation of the relevance of the sentencing factors is not required where the sentence is within

the guidelines range, and such a sentence is entitled to a presumption of reasonableness. *United States v. Lapsins*, 570 F.3d 758, 774 (6th Cir. 2009).

We review the procedural reasonableness of a sentence for plain error where the defendant did not raise his objections below. *See United States v. Bostic*, 371 F.3d 865, 872-73 (6th Cir. 2004). Nor did the district court plainly err in relying on statistics for the average nationwide sentence for this offense in response to the argument in the sentencing memorandum that the sentence should be compared to those of the co-defendants. The district court correctly noted that the appropriate comparison was not with the sentences of co-defendants but with the sentences of nationwide defendants with similar criminal histories. *United States v. Mitchell*, 681 F.3d 867, 883 (6th Cir. 2012); *United States v. Presley*, 547 F.3d 625, 631 (6th Cir. 2008). The citation to recidivism statistics was also in response to the reliance by Harris on such statistics in his sentencing memorandum. The cases cited by Harris, such as *United States v. Hayes*, 171 F.3d 389 (6th Cir. 1999), are inapposite because they involved situations where the sentencing judge was given information that was unavailable to the defendant, and not publicly available statistics such as those Harris himself relied on in his memorandum. Nor does the record support the claim that the district court failed to respond to the argument for leniency. In fact, the transcript shows that the district court expressly addressed the arguments raised in the sentencing memorandum and considered the allocution by Harris in deciding to sentence him at 200 months rather than the 235-month maximum of the guidelines range the court was originally considering.

Finding no abuse of discretion or plain error in the sentencing proceeding, and concluding that a different sentence was not required in this case, *see United States v. Brown*, 579 F.3d 672, 687 (6th Cir. 2009), we affirm the district court's judgment.