UNITED STATES of America, Appellee,

v.

Walter F. CURRAN,
Defendant, Appellant.

No. 90–1181.

United States Court of Appeals,
First Circuit.

Heard Aug. 1, 1990.
Decided Feb. 14, 1991.

Robert J. Cordy, with whom Burns & Levinson, Boston, Mass., was on brief for defendant, appellant.

Peter A. Mullin, Asst. U.S. Atty., Washington, D.C., with whom Wayne A. Budd, U.S. Atty., Boston, Mass., was on brief for appellee.

Before TORRUELLA and CYR, Circuit Judges, and RE,* Judge.

## AMENDED OPINION

TORRUELLA, Circuit Judge.

Walter Curran appeals his sentence of five years incarceration, five years probation and order to pay $2.3 million in restitution for violations of 18 U.S.C. §§ 1341, 1342 and 1344. For reasons stated below, we vacate the sentence and remand for further proceedings consistent with this opinion.

## FACTS

Curran, a stockbroker at the time, was indicted in the United States District Court for the District of Massachusetts for being involved in several schemes to defraud clients and friends. The indictment alleged that Curran mailed, or caused to be mailed, certain specified statements, checks, letters, agreements and other documents on particular dates "for the purpose of executing and attempting to execute" schemes and artifices to defraud in violation of 18 U.S.C. §§ 1341, 1342 and 1344.

Curran was also indicted in the United States District Court for the Northern District of New York on two counts charging him with willfully failing to report the importation from Canada into the United States of more than $10,000 in United States currency, in violation of 31 U.S.C. §§ 5316 and 5322, and with willfully making a false statement to a United States Customs Service officer, in violation of 18 U.S.C. § 1001.

A plea agreement negotiated by the parties provided that Curran would plead guilty to a thirteen count indictment. On November 20, 1989, Curran pled guilty as agreed, and a presentence report was prepared. This report included a "victim impact" section, which contained statements provided by four of the victims. Curran took strong exception to this "victim impact" section.

Prior to sentencing, the district judge received numerous letters about the case from third parties, including letters from Curran's wife, family members and the victims. These letters were not made part of the presentence report, nor were their contents disclosed to appellant or his attorney. They were, however, delivered by the judge to the probation officer, at some point unbeknownst to appellant or his attorney. On February 5, 1990, the district court imposed a heavier sentence than was recommended by the government. During the sentencing procedure, and in reference to the letters, the court stated:

I just want to make reference to a letter from ... one [sic] of the victims. They urged me, and I quote, "We beg the Court to impose the strongest, severest of penalties that the law provides on Mr. Curran ...—we ask this in order that

---

* The Honorable Edward D. Re, Chief Judge of the United States Court of International Trade, sitting by designation.

Mr. Curran never again be in a position of trust or honor where he can use his employment and personal status to rape decent human beings from that which they have honestly earned ...

On appeal, Curran contends that the court relied on information that neither he nor his counsel had a meaningful opportunity to examine or object to, and that this violated both Rule 32 of the Federal Rules of Criminal Procedure and the Due Process Clause of the Constitution. The government avers that Curran was aware of the information contained in said letters, which was virtually identical to the information contained in the "victim impact" report, and thus was able to contradict it.

## DISCUSSION

### I. *Due Process and Rule 32*

■ Generally, "a district judge has discretion to consider a wide range of information concerning a defendant's background in arriving at an appropriate sentence." *United States v. Romano*, 825 F.2d 725, 728 (2d Cir.1987); *see also United States v. Tucker*, 404 U.S. 443, 446, 92 S.Ct. 589, 591, 30 L.Ed.2d 592 (1972). A district court has broad discretion in the information it may receive and consider regarding defendant and his conduct. 18 U.S.C. § 3577; *United States v. Grayson*, 438 U.S. 41, 50, 98 S.Ct. 2610, 2615–16, 57 L.Ed.2d 582 (1978); *United States v. Tucker*, 404 U.S. at 446, 92 S.Ct. at 591; *United States v. Santamaria*, 788 F.2d 824 (1st Cir.1986); *United States v. Tracey*, 675 F.2d 433 (1st Cir.1972).

■ It is well settled, however, that a defendant has a due process right to be sentenced upon information which is not false or materially incorrect. *Townsend v. Burke*, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948); *United States v. Tucker*, 404 U.S. at 446, 92 S.Ct. at 591; *United States v. Espinoza*, 481 F.2d 553, 555 (5th Cir.1978); *United States v. Harris*, 558 F.2d 366 (7th Cir.1977); *United States v. Malcolm*, 432 F.2d 809 (2d Cir.1970).[1] By contrast, it is less clear that due process compels an opportunity to inspect or challenge the information to be relied upon by the sentencing court. *See Williams v. New York*, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1941) (holding that the court could consider extra-record material when sentencing defendant); *Williams v. Oklahoma*, 358 U.S. 576, 79 S.Ct. 421, 3 L.Ed.2d 516 (1959); *United States v. Morin*, 889 F.2d 328 (1st Cir.1989); *Powers v. United States*, 325 F.2d 666, 667 & n. 4 (1st Cir. 1959); 8A Moore's *Federal Practice* ¶ 32.03[1], at 32–64 (2d ed. 1988); *see also* Fed.R.Crim.P. 32, advisory committee notes.

■ Rule 32, Fed.R.Crim.P. 32(c)(3)(A)[2], embodies the congressional intent to assure a defendant's due process rights in the sentencing process. *United States v. Romano*, 825 F.2d at 728. This rule essentially requires both disclosure of the presentence report to the defendant and an opportunity for the defendant to contest the accuracy of the information contained therein. Rule 32 does not itself apply in this situation because the letter referenced by the district court in the sentencing hearing was not made part of the presentence report.

Extension of the disclosures provided by this rule is clearly a matter of congressional policy. *See* discussion in *Moore* § 32.03[1]. Although courts have deter-

---

1. Where the defendant fails to object to the contents of a presentence report at the time of the sentencing hearing, however, post conviction relief is generally not available, despite a sentencing court's reliance on a "material misapprehension of fact." *Knight v. United States*, 611 F.2d 918, 922 (1st Cir.1979). *See also Díaz Torres v. United States*, 564 F.2d 617, 619 (1st Cir.1977).

2. Federal Rule of Criminal Procedure 32(c)(3)(A) provides, in pertinent part:

(A) At least 10 days before imposing sentence ... the court shall provide the defendant and the defendant's counsel with a copy of the report of the presentence investigation ... The court shall afford the defendant and the defendant's counsel an opportunity to comment on the report and, in the discretion of the court, to introduce testimony or other information relating to any alleged factual inaccuracy contained in it.

mined that a defendant and defendant's counsel should be given an "opportunity to review a presentence report and provide comments to ensure that the 'report [is] completely accurate in every material respect,'" *United States v. Romano*, 825 F.2d at 728 (citing H.R.Rep. No. 247, 94th Cong., 1st Sess. 18, *reprinted in*, 1975 U.S.Code Cong. & Admin.News 674, 690), there is no judicial precedent which holds that the Due Process Clause requires disclosure of all information relied upon by the sentencing court. Indeed, any such precedent would appear to be irreconcilable with Rule 32(c)(3), which deals first and foremost with authorized instances of non-disclosure of presentence report information relied on by the district court in sentencing.

■ After comparing the victim's contentions included in the impact report *vis-à-vis* the letters sent to the district court, we agree with appelalnt that there are statements of fact contained in those letters which were not included in the "victim impact" report; relevant statements which appellant did not have an opportunity to contradict.[3] However broad the district court's discretion may be in determining the appropriate procedure for availing the defendant an opportunity to challenge information in a presentence report, "some process was due by which [defendant] could challenge the accuracy of presentence information presented to the district court." *United States v. Romano*, 825 F.2d at 729 (citing *United States v. Fatico*, 579 F.2d 707, 711–14 (2d Cir.1978)). Thus, we believe that these proceedings present an appropriate occasion for the exercise of our supervisory powers.

## II. *Supervisory Powers*

Title 28, United States Code, section 2106, provides:

The Supreme Court or any other court of appellate jurisdiction may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances.

It is well established that not every trial error or infirmity which might call for the application of supervisory powers constitutes a "failure to observe that fundamental fairness essential to the very concept of justice." Instead, our obligation requires us to "oversee the efficient administration of justice." *Thigpen v. Smith*, 792 F.2d 1507, 1516 (11th Cir.1986); *United States v. Cortina*, 630 F.2d 1207 (7th Cir.1980).

■ In exercising their supervisory powers, federal courts, "guided by considerations of justice," *McNabb v. United States*, 318 U.S. 332, 341, 63 S.Ct. 608, 613, 87 L.Ed. 819 (1956), may "formulate procedural rules not specifically required by the Constitution or the Congress." *United States v. Hasting*, 461 U.S. 499, 505, 103 S.Ct. 1974, 1978, 76 L.Ed.2d 96 (1982); *see also United States v. Pérez*, 904 F.2d 142, 148 (2d Cir.1990). These powers, nevertheless, are to be used "sparingly," *United States v. Babb*, 807 F.2d 272, 279 (1st Cir. 1986) (quoting *United States v. Lieberman*, 608 F.2d 889 (1st Cir.1979), *cert. denied*, 444 U.S. 1019, 100 S.Ct. 673, 62 L.Ed.2d 649 (1980)), and may not be mustered to circumvent the harmless error inquiry prescribed by Federal Rule of Criminal Procedure 52(a), *Bank of Nova Scotia v. United States*, 487 U.S. 250, 108 S.Ct. 2369, 101 L.Ed.2d 228 (1988); *see also United States v. Pacheco–Ortiz*, 889 F.2d 301, 310 (1st Cir.1989) (declining to exercise supervisory power to overturn conviction which was in no way a product of any harmful prosecutorial misconduct which would warrant new trial).

---

**3.** The facts in *Romano* are distinguishable from the facts in the instant situation. In *Romano*, the court found that prior to sentencing defendant was on notice of all the relevant information that was used in determining his sentence and as such defendant had ample opportunity to make appropriate objections. Therefore, it held that the district court committed no error in denying Romano's request for a hearing and thus did not violate any due process requirements.

Rule 52(a) provides that "[a]ny error, defect, irregularity or variance which does not affect substantial rights shall be disregarded." Under this rule, an error is harmless when "the conviction would have been obtained notwithstanding the asserted error." *United States v. Hasting*, 461 U.S. 499, 506, 103 S.Ct. 1974, 1979, 76 L.Ed.2d 96 (1983). Where the error is harmless, concerns about the "integrity of the judicial process" carry less weight, *id.*, than where the error is prejudicial. Essentially, the Supreme Court has cautioned "that the balance struck by the rule between societal costs and the rights of the accused may not casually be overlooked 'because a court has elected to analyze the question under the supervisory power.'" *Bank of Nova Scotia*, 487 U.S. at 255, 108 S.Ct. at 2374 (quoting *United States v. Payner*, 447 U.S. 727, 735, 100 S.Ct. 2439, 2446, 65 L.Ed.2d 468 (1980)).

■ In order to conclude that error is harmless under Rule 52(a), however, the court must determine not only that the error did not result in the denial of a substantial right, but that it did not even *affect* a substantial right. In the instant case, appellant had a substantial right not to be sentenced upon information which was materially false or incorrect. Although we are unable to determine the extent to which the sentencing court relied on the information contained in the letters, we agree that said letters contained a detailed version of the facts that the appellant had no opportunity to challenge. Since we cannot determine that a substantial right of the appellant was not affected, the alleged error cannot be determined harmless under Rule 52(a). Thus, we may exercise our supervisory power to ensure that the district court, during the sentencing phase of a criminal proceeding, follow "procedures deemed desirable from the viewpoint of sound judicial practice although in nowise commanded by statute or the Constitution." *Thomas v. Arn*, 474 U.S. 140, 146–47, 106 S.Ct. 466, 470–71, 88 L.Ed.2d 435 (1985) (quoting *Cupp v. Naughten*, 414 U.S. 141, 146, 94 S.Ct. 396, 400, 38 L.Ed.2d 368 (1973)).

In view of the significance of the sentencing procedure, "it is of the utmost importance not only that justice be done but that it appear to be done." *United States v. Wolfson*, 634 F.2d 1217, 1221 (9th Cir. 1980); *United States v. Kenny*, 645 F.2d 1323 (9th Cir.1981), *cert. denied*, 452 U.S. 920, 101 S.Ct. 3059, 69 L.Ed.2d 425 (1980); *see also Haller v. Robbins*, 409 F.2d 857, 859 (1st Cir.1969). The record reveals that, before sentencing, the judge examined letters that contained not only factual statements but also recommendations as to the severity of the sentence. Specifically, the victims urged the court to impose the most severe sentence permitted by law. Finally, our concerns are not assuaged by the fact that the sentencing court, shortly after alluding to and reading from one of the victims' letters, imposed a more severe sentence than the government recommended.

■ Before Rule 32 was amended to mandate disclosure of the presentence report to the defendant (except in certain circumstances), this court made it clear that "the substance of a presentence report, to the extent it is relied upon, should be made known to the defendant." *United States v. Picard*, 464 F.2d 215, 220 (1st Cir.1972) (relying on *Townsend v. Burke* for proposition that defendant should be given some opportunity to alert sentencing court that information in presentence report is not acquiesced in). Today, we follow the reasoning and policy which prompted our decision in *Picard*, by holding that, henceforth, a sentencing court, whenever it considers documents to which Rule 32 does not apply, should either make clear that the document is not being used for its factual content, or should disclose to the defendant as much as was relied upon, in a timely manner, so as to afford the defendant a fair opportunity to examine and challenge it. *Cf. United States v. Horsley*, 519 F.2d 1264, 1266 (5th Cir.1975) (at least when presentence report information is explicitly relied on in sentencing, " 'fundamental fairness requires that a defendant be given at least some opportunity to rebut that information.' ") (quoting *Shelton v. United States*, 497 F.2d 156, 159 (5th Cir.1974)),

*cert. denied,* 424 U.S. 944, 96 S.Ct. 1413, 47 L.Ed.2d 350 (1975).[4]

█ We appreciate that the judge passed the letters to the probation officer, where appellant's counsel could have seen them had he known of their availability, which unfortunately he did not. Such a procedure would have been acceptable if counsel had clear advance notice of its existence. But lacking such clear notice, the sentencing practice in the instant case risked at least an appearance of impropriety with which we are not comfortable. Because of our firm conviction that a judicial procedure must not only be just but must appear to be just, appellant must be resentenced. Under the supervisory rule we announce today, appellant is to be resentenced and, under our longstanding policy, resentencing shall be before a different judge. *See Picard,* 464 F.2d at 220; *Mawson v. United States,* 463 F.2d 29, 30 (1st Cir.1972); *see also* D.Mass.L.R. 8(i). The sentence is therefore vacated, and the case remanded for further proceedings consistent with this opinion.

*Vacated and remanded.*

---

**4.** A similar concern for ensuring the reliability of information used at sentencing seems to have informed the disclosure policy embodied in Rule 32.