USCA1 Opinion

 

 September 7, 1993 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 93-1110 UNITED STATES, Appellee, v. JAMES E. FRAZER, Defendant, Appellant. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Paul J. Barbadoro, U.S. District Judge] ___________________ ___________________ Before Cyr, Boudin and Stahl, Circuit Judges. ______________ ___________________ Robert P. Woodward on brief for appellant. __________________ Peter E. Papps, United States Attorney, on brief for ________________ appellee. __________________ __________________ Per Curiam. Appellant, James Frazer, pled guilty to a __________ fourteen count indictment charging conspiracy to commit and the commission of bank fraud in violation of 18 U.S.C. 371 & 1344. He was sentenced to a term of imprisonment of thirty months. In imposing this sentence, the court applied a two level upward adjustment for obstruction of justice, pursuant to U.S.S.G. 3C1.1. The court also denied Frazer's request for a two level downward adjustment in his sentence, pursuant to U.S.S.G. 3B1.2(b), on the ground that he had been a minor participant. Frazer appeals both the upward adjustment and the denial of the downward adjustment in his sentence. The facts in this case are not in dispute. According to the Pre-Sentence Report, Frazer was a participant with ten to fifteen other individuals in a scheme to defraud banks. The scheme involved the illegal acquisition of business checks and check writing machines, the acquisition of information on actual account holders, and the manufacturing of false identification. A stolen check was made payable to the actual account holder who was identified on the check as an employee of the business from which the check had been obtained. A conspirator then would go to each branch of the actual account holder's bank and, using false identification, either cash the check or split deposit it, i.e., the conspirator would deposit part and receive part in cash. The -2- scheme defrauded banks throughout New England of tens of thousands of dollars. Frazer was one of the "runners" or check cashers in this scheme. From July to September 1991, Frazer cashed checks which defrauded banks of over eight thousand dollars. He received one third of the total take from his role in the scheme. After pleading guilty, Frazer was released on bail and scheduled to be sentenced on December 2, 1992. This was later continued by the court until December 7, 1992. Frazer did not appear on December 7. A bench warrant was issued and Frazer was arrested on January 5, 1993. On January 13, 1993, he appeared before the court and was sentenced. Due to his previous failure to appear for sentencing, the court found Frazer willfully to have obstructed justice and increased his sentence, pursuant to U.S.S.G. 3C1.1.1 Frazer contends that the court erred when it increased his offense level two levels for obstructing justice by willfully failing to appear at his sentencing hearing on December 7, 1992. Frazer argues first that the court erred when it allowed the government to recall a witness to correct earlier testimony as to the date of his failure to appear. He also contends that the government failed to meet its ____________________ 1. Subsequently, Frazer was indicted and pled guilty to a violation of 18 U.S.C. 3146(a)(1) for his failure to appear at sentencing. -3- burden of proving by a preponderance of the evidence that his failure to appear was "willful." We find merit in neither argument. On the afternoon of the sentencing hearing on January 13, 1993, the court allowed the government to recall Deputy Marshall Shurtleff. The government had previously rested its case after the morning recess. Shurtleff had testified on that morning that he had been in court on December 2, 1992, and that Frazer had failed to appear for sentencing on that date. When the court returned for its afternoon session, it became apparent that there was confusion as to whether the sentencing hearing at which Frazer had not appeared had been on December 2 or on December 7. Over Frazer's objection, the court allowed the government to recall Shurtleff who testified that he had been mistaken in his morning testimony and that in fact the date of the hearing had been December 7. We find no merit in appellant's objection to the admission of this evidence. To be sure, the defendant enjoys a due process right to be sentenced only upon information the court has determined to be neither false nor materially incorrect. United States v. Curran, 926 F.2d 59, 63 (1st ______________ ______ Cir. 1991). In this case, however, there is no claim that the amended testimony was inaccurate nor that the error in the morning testimony was due to anything other than confusion caused by the change in sentencing dates. We find -4- the sentencing court to have been well within its discretion in allowing the government to recall Shurtleff and in permitting him to amend his previous testimony. See Id. at ___ __ 61 ("district court has broad discretion in the information it may receive and consider regarding defendant and his conduct"). According to the commentary to Section 3C1.1 of the Sentencing Guidelines, a defendant's offense level is to be increased two levels for obstruction of justice if he "willfully fail[s] to appear, as ordered, for a judicial proceeding." U.S.S.G. 3C1.1, comment. (n.3(e)). As with other upward adjustments, the government bears the burden of proving the requisite facts by a preponderance of the evidence. United States v. Aymelek, 926 F.2d 64, 67 (1st ______________ _______ Cir. 1991). This court reviews a finding of obstruction of justice only for clear error. United States v. McCarthy, 961 _____________ ________ F.2d 972, 978 (1st Cir. 1992). In this case, Frazer stipulated at the sentencing hearing that he was aware of the requirement that he attend his sentencing hearing on December 7, 1992, and the evidence that he did not attend is undisputed. Frazer argues, however, that the government presented no evidence that his absence was willful. In particular, he suggests that his absence may have been due to a "mind-altering state, caused by cocaine" and that he thus did not possess the mens rea for ____ ___ -5- obstruction of justice. At the sentencing hearing, however, Frazer's attorney only suggested that cocaine use was a possible "scenario" for explaining his client's absence.2 No representation was made that this had in fact been the reason for Frazer's absence on December 7. Nor was there any proffer of proof to this effect. Courts which have considered the mens rea requirement of ____ ___ U.S.S.G. 3C1.1 have found that it "requires that the defendant consciously act with the purpose of obstructing justice." United States v. Thompson, 962 F.2d 1069, 1071 ______________ ________ (D.C.Cir. 1992), cert. denied, 113 S.Ct. 1418 (1993) (citing ____ ______ United States v. Lofton, 905 F.2d 1315, 1317 (9th Cir.), ______________ ______ cert. denied, 498 U.S. 948 (1990)). "[K]nowledge of the ____ ______ requirements placed upon him by the court and his conscious decision to ignore its mandates" have been found central to a finding of willfulness. United States v. Monroe, 990 F.2d _____________ ______ 1370, 1376 (D.C.Cir. 1993) (citing United States v. Teta, 918 _____________ ____ F.2d 1329, 1334 (7th Cir. 1990) and United States v. Perry, _____________ _____ 908 F.2d 56, 59 (6th Cir.), cert. denied, 498 U.S. 1002 ____ ______ (1990)); see also, McCarthy, 961 F.2d at 980 (upholding ___ ____ ________ upward adjustment under 3C1.1 where "[d]efendant was fully aware that he was delaying his sentence by fleeing"). ____________________ 2. Frazer's attorney did indicate that Frazer had tested positive for cocaine when he reported to the probation office in November 1992. -6- In the instant case, the government presented uncontradicted evidence that Frazer was, as a condition of bail, required to report for the sentencing hearing on December 7, 1992 and that he did not appear. Frazer himself stipulated to having been aware of the sentencing date. Moreover, evidence was presented that he made no effort, after the hearing date, to contact the court or the United States Marshals Office prior to his arrest in January.3 On this basis, the sentencing court found that "the elements of the offense of willfully failing to appear have occurred." The evidence supporting the finding was circumstantial. However, the court did not commit clear error when it inferred from this evidence that Frazer's absence from the sentencing hearing was willful. See e.g. Teta, 918 F.2d at ___ ___ ____ 1332 (upholding finding of "willful" failure to appear where sentencing court found credible evidence that defendant knew he was to appear on date but did not). Frazer also asserts that the sentencing court erred in refusing to grant him a two level downward adjustment for ____________________ 3. Frazer unavailingly seeks analogous support in United ______ States v. Stroud, 893 F.2d 504 (2d Cir. 1990), for his ______ ______ assertion that mere failure to appear is insufficient to establish willfulness. Stroud found that mere flight in the ______ immediate aftermath of a crime is not obstruction of justice because it is "instinctual" and a "natural attempt to avoid apprehension." Id. at 508. Frazer's failure to report __ either for sentencing on December 7 or during the next five weeks is clearly more conscious behavior. -7- having been a minor participant in the bank fraud scheme. He contends that, while the conspiracy to defraud the banks involved a complex scheme, including stealing checks from businesses, the acquisition of information on account holders and the production of false identification, his role in the scheme was limited to the cashing of checks. Moreover, Frazer notes that he was not the only "runner" in the conspiracy.4 According to Frazer, he was "less culpable than most other participants" in the scheme and hence entitled to the two point downward adjustment for having had a minor role. U.S.S.G. 3B1.2, comment. (n.3). We review role in the offense determinations only for clear error. United States v. St. Cyr, 977 F.2d 698, 705-06 (1st Cir. ______________ _______ 1992); United States v. Gregorio, 956 F.2d 341, 344 (1st Cir. _____________ ________ 1992). Frazer bears the burden of establishing by a preponderance of the evidence that he is entitled to a downward adjustment for his role in the offense. United ______ States v. Ocasio-Rivera, 991 F.2d 1, 3 (1st Cir. 1993). ______ _____________ Furthermore, the mere fact that a defendant is the least culpable among those charged does not entitle him to an adjustment for having had a minor role. United States v. _____________ Daniel, 962 F.2d 100, 103 (1st Cir. 1992). Rather, the ______ ____________________ 4. Frazer did, however, cash more checks than any other runner in the scheme. -8- defendant must show that his conduct was "substantially less culpable than the average participant." U.S.S.G. 3B1.2, comment. (backg'd); Gregorio, 956 F.2d at 344. ________ In this case, the court found that Frazer's role in the offenses with which he was charged was "no less important and significant to the successful completion of this scheme than the other participants, with perhaps the exception of the organizers." In each instance he was the individual who entered the bank and cashed the check.5 The fact that the defendant may have had a lesser role in a larger criminal activity with which he was not charged is not relevant to any role in the offense adjustment. See Id. (appellant's focus ___ __ on wider fraud rather than the particular offense with which he was charged irrelevant to role in the offense adjustment); United States v. Cepeda, 907 F.2d 11, 12 (1st Cir. 1990) ______________ ______ (even if defendant had a lesser involvement in the large conspiracy he is not entitled to role in the offense adjustment because his role in the offense of conviction was not "minor"). The court also found that Frazer may have contributed to the conspiracy through his involvement in the illegal obtaining of one of the check writing machines used by the conspirators. Given the deference owed to the sentencing court in factual determinations, we cannot say ____________________ 5. Although the bank fraud conspiracy included other runners, Frazer was charged only with those instances of bank fraud in which he cashed the check. -9- that the court was clearly erroneous in determining that Frazer did not have a minor role in the charged conspiracy. See Gregorio, 956 F.2d at 344 (criminal conduct not minor ___ ________ where it was "important" to the criminal enterprise charged); United States v. Ocasio, 914 F.2d 330, 333 (1st Cir. 1990) ______________ ______ (same). The sentence imposed by the district court is affirmed. ________ -10-