# United States Court of Appeals
## For the First Circuit

No. 13-1885

UNITED STATES OF AMERICA,

Appellee,

v.

FRANCISCO J. VÉLEZ-SOTO, a/k/a Fresh,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Gustavo A. Gelpí, U.S. District Judge]

Before

Howard, Chief Judge,
Torruella and Lipez, Circuit Judges.

Jean C. LaRocque and Shea and LaRocque, LLP on brief for appellant.
Rosa Emilia Rodríquez-Velez, United States Attorney, Nelson Pérez-Sosa, Assistant United States Attorney, Chief, Appellate Division, and John A. Matthews II, Assistant United States Attorney, on brief for appellee.

October 14, 2015

**LIPEZ, Circuit Judge**.    This is an appeal from a sentence following Francisco J. Vélez-Soto's guilty plea in a multi-defendant drug conspiracy case.    While on bail pending sentencing in his federal case, appellant pled guilty to three state law convictions: second degree murder and two weapons law violations.  Appellant contends that the district court's decision to impose a 280-month federal sentence to run concurrently with a his state sentence was procedurally unsound and substantively unreasonable.  Finding the sentence proper in all respects, we affirm.

**I.**

**A. Factual Background**

Given that this appeal follows a guilty plea, the facts are derived from the presentence investigation report (PSR), the change of plea colloquy, and the transcript of the sentencing hearing.  See United States v. Whitlow, 714 F.3d 41, 42 (1st Cir. 2013).

Beginning in 2000, and continuing until the return of the federal indictment, Vélez-Soto participated in a conspiracy to distribute controlled substances in the Candelaria, El Carmen, and Kennedy Public Housing Projects in Puerto Rico.  Vélez-Soto served as a manager and enforcer for the drug trafficking organization.  As a manager, he distributed narcotics to sellers for subsequent sale and distribution and was responsible for collecting the

proceeds from drug sales and paying the street sellers. As an enforcer, he carried and possessed firearms in furtherance of the drug trafficking activities.

## B. Procedural Background

On July 7, 2010, a Puerto Rico federal grand jury returned a six-count indictment charging Vélez-Soto and 102 co-conspirators with conspiracy to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1), 846, and 860 (Count One), among other offenses. Vélez-Soto entered a guilty plea to Count One pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). The plea agreement recommended as appropriate a prison term of 108 to 120 months.

On May 16, 2011, pending his federal sentencing, Vélez-Soto was charged in Commonwealth court with murder and weapons violations. He pled guilty to second degree murder and two counts of weapons law violations. On February 19, 2013, he was sentenced to 204 months' imprisonment: fifteen years and one day on the murder charge, to be served consecutively with one-year terms for each weapons violation.

On March 4, 2013, Vélez-Soto appeared for a pre-sentencing hearing on the federal drug conspiracy charge. The district court rejected Vélez-Soto's plea agreement, noting that Vélez-Soto breached it when he committed second degree murder while out on bail pending his federal sentencing. The court gave Vélez-

Soto until March 20, 2013 to withdraw his guilty plea, which he declined to do.

The district court sentenced Vélez-Soto on June 18, 2013. Based on a total offense level of 31 and a criminal history category of III, the district court noted the guideline range of 135 to 168 months.[1]  The government requested a sentence "on the lower end" of the 108- to 120-month range specified in the plea agreement.  Defense counsel requested a sentence of 108 months to run concurrently with his state sentence, and he asked that the court direct that the sentence be served in a federal facility. The district court sentenced Vélez-Soto to 280 months imprisonment, to be served concurrently with the 204-month sentence imposed in his state criminal case.[2]

Vélez-Soto filed a timely notice of appeal, asserting that the district court's sentence was procedurally unsound and substantively unreasonable.

---

[1] Because the conspiracy took place at or within 1,000 feet of a housing facility owned by a public housing authority, the statutory maximum for this drug conspiracy is 80 years based on a stipulated drug quantity between 3.5 and 5 kilograms of cocaine. See 21 U.S.C. § 860(a); see also id. § 841(b)(1)(B).

[2] Vélez-Soto will thus complete his 204-month state sentence while simultaneously serving his federal sentence.

-4-

## A. Standard of Review

We review federal criminal sentences imposed under the advisory Guidelines for abuse of discretion. Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Madera-Ortiz, 637 F.3d 26, 30 (1st Cir. 2011). Within this framework, we review a district court's factual findings for clear error, and its interpretation and application of the Guidelines de novo. United States v. Walker, 665 F.3d 212, 232 (1st Cir. 2011). Typically, our review of a sentence imposed under the Guidelines involves a two-step process. "First, we evaluate the procedural soundness of the sentence; second, we assay its substantive reasonableness." Madera-Ortiz, 637 F.3d at 30. The "procedural dimension" of sentencing review includes the correctness of the court's application of the Guidelines, while "[t]he substantive dimension focuses on the duration of the sentence in light of the totality of the circumstances." United States v. Del Valle-Rodríquez, 761 F.3d 171, 176 (1st Cir. 2014). Procedural errors amounting to an abuse of discretion include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence - including an explanation for any deviation from the Guidelines range." Gall, 552 U.S. at 51. An

error of law underlying a sentencing court's decision constitutes an abuse of discretion. See Walker, 665 F.3d at 223 (holding that "a material error of law is invariably an abuse of discretion").

## B. The Procedural Soundness of the Sentence

Vélez-Soto argues that the district court's decision not to impose a fully concurrent 108- to 120-month sentence, and its failure to consider the commentary to U.S.S.G. § 5G1.3(c), rendered its sentence procedurally unsound.

A sentencing court has discretion to impose either a consecutive or a concurrent sentence when a defendant is subject to an undischarged state-court term of imprisonment. 18 U.S.C. § 3584(a). Nonetheless, in exercising this discretion, a sentencing court must consider the factors set forth in 18 U.S.C. § 3553(a), including any applicable sentencing Guidelines or policy statements. Id. § 3584(b); United States v. Carrasco-de-Jesús, 589 F.3d 22, 27 (1st Cir. 2009). Although the Guidelines are no longer mandatory, "'district courts must still give respectful consideration to the now-advisory Guidelines (and their accompanying policy statements).'" United States v. Millán-Isaac, 749 F.3d 57, 67 (1st Cir. 2014) (quoting Pepper v. United States, 562 U.S. 476, 501 (2011)).

The applicable version of Guidelines § 5G1.3(b) provides for a concurrent or partially concurrent sentence when the defendant is subject to a previously imposed but undischarged term

of imprisonment that has "resulted from another offense that is relevant conduct to the instant offense of conviction," if the relevant conduct offense "was the basis for an increase in the offense level."  U.S.S.G. § 5G1.3(b) (2012).  To gain the benefit of § 5G1.3(b), "a defendant must prove that [he] satisfies each and every element of the guideline," including that the charge underpinning the undischarged term of imprisonment was the basis for an increase in the offense level for the offense of conviction. Carrasco-de-Jesús, 589 F.3d at 27.  Under § 5G1.3(c), a district court "may impose a sentence concurrently, partially concurrently, or consecutively" and "[t]he end result need only be 'reasonable.'" United States v. Vázquez-Alomar, 342 F.3d 1, 5 (1st Cir. 2003) (quoting United States v. Caraballo, 200 F.3d 20, 28 (1st Cir. 1999)).

Vélez-Soto did not claim that his undischarged state convictions were relevant conduct during his sentencing hearing, nor does he so claim on appeal. Moreover, because the district court accurately held that Vélez-Soto's state sentence for second degree murder did not involve relevant conduct, and therefore that § 5G1.3(b) did not apply, the court was under no obligation to impose a concurrent sentence.  See Carrasco-de-Jesús, 589 F.3d at 27.  In declining to impose a 108- to 120-month concurrent sentence, the district court stated:

> I am not going to sentence concurrently [for 108 to 120 months] because I think it's --

-7-

well it's totally unrelated conduct. This is a
drug case, that's a murder case.     If  I
sentence  concurrently [for  that  number  of
months], basically he's getting a freebie for
the murder or for the drugs.

The commentary to § 5G1.3(c) states that in determining

whether  to  impose  a  concurrent,  partially  concurrent,  or

consecutive sentence to an undischarged term of imprisonment, the

court  "should  consider"  the  following  factors  "to  achieve  a

reasonable incremental punishment for the instant offense and avoid

unwarranted disparity":

> (i) the factors set forth in 18 U.S.C. § 3584
> (referencing 18 U.S.C. § 3553(a));
> (ii)     the     type     (e.g.,     determinate,
> indeterminate/parolable)  and  length  of  the
> prior undischarged sentence;
> (iii)  the  time  served  on  the  undischarged
> sentence  and  the  time  likely  to  be  served
> before release;
> (iv)  the  fact  that  the  prior  undischarged
> sentence may have been imposed in state court
> rather  than  federal  court,  or  at  a  different
> time  before  the  same  or  different  federal
> court; and
> (v)  any  other  circumstance  relevant  to  the
> determination of an appropriate sentence for
> the instant offense.

U.S.S.G. § 5G1.3 cmt. n.3(A) (2012).

The sentencing transcript reveals that the district court

evaluated the factors enumerated in the commentary to § 5G1.3(c).

The district court noted the type and length of Vélez-Soto's state

sentence,[3] the time served on the undischarged state sentence and

---

[3] The court noted that the state sentence was "17 years plus
the three years probationary period."

the time likely to be served before release,[4] and it properly took into account that Vélez-Soto was convicted at the state level of second degree murder and firearms violations.

Furthermore, the court explicitly addressed the § 3553(a) factors, including Vélez-Soto's prior criminal record, the need to "provide just punishment for the offense,"[5] "afford adequate deterrence,"[6] "protect the public from further crimes of the defendant,"[7] and provide the defendant with needed training, medical care, "or other correctional treatment in the most effective manner."[8] Id. § 3553(a)(2)(A)-(D). A sentencing court need not "specifically address all of the § 3553(a) factors in its explanation, nor . . . give each of the factors equal prominence in its determination." United States v. Zapata, 589 F.3d 475, 487 (1st Cir. 2009) (internal quotation marks omitted). The district

---

[4] The court stated that "[i]f both sentences are served consecutively, you know, he starts serving his State sentence once he's served [the proposed federal sentence of] 108 months, which he served already two years approximately."

[5] The court emphasized the need for Vélez-Soto to serve his entire state sentence in addition to a federal sentence, so as not to get a "free bite at the apple" by "serving two sentences for the price of one."

[6] "The court understands that the federal system . . . will . . . adequately deter him."

[7] The court stressed the need to "protect the public from further crimes of this gentleman."

[8] The court stated that the sentence "will promote the best rehabilitation possible."

court's treatment of the § 3553(a) factors was adequate. Its decision to impose a 280-month concurrent sentence was thus procedurally sound and within its discretion. See Setser v. United States, 132 S. Ct. 1463, 1468 (2012) (stating that "[j]udges have long been understood to have discretion to select whether the sentences they impose will run concurrently or consecutively with respect to other sentences that they impose, or that have been imposed in other proceedings, including state proceedings"). In sum, the record shows no procedural errors in Vélez-Soto's sentencing.

## C. Substantive Reasonableness of the Sentence

Vélez-Soto further argues that a 280-month sentence, which substantially exceeded the Guidelines range of 135 to 168 months, violates the requirement under § 3553(a) that the sentence be "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). He claims that the district court imposed a substantively unreasonable sentence when it refused to sentence him according to the parties' recommended range of 108 to 120 months, or to vary upwards such that the state and federal sentences would be coterminous and concurrent, and that it erred in failing to properly weigh his history and the nature and circumstances of the offense.

When evaluating the substantive reasonableness of a sentence that is outside the Guidelines range, we "must give due

deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance. The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." Gall, 552 U.S. at 51. When a sentence deviates from the Guidelines, "[t]he court's reasons for deviation should typically be rooted either in the nature and circumstances of the offense or the characteristics of the offender." United States v. Martin, 520 F.3d 87, 91 (1st Cir. 2008). We will uphold a district court's sentence "as long as the court has provided a plausible explanation, and the overall result is defensible." United States v. Innarelli, 524 F.3d 286, 292 (1st Cir. 2008).

As stated above, the district court adequately considered the § 3553(a) factors and provided a sufficient explanation for its sentence. The court considered, inter alia, Vélez-Soto's possession of a weapon in the drug conspiracy, the violation of the terms of his bail, his prior criminal conduct, and the request for Vélez-Soto to serve his sentence in a federal facility. If the district court had imposed a 108-month consecutive sentence, the total sentence would have been 312 months, the latter 204 months of which would have been served in a state facility. That within-the-Guidelines sentence would have been far in excess of the sentence imposed, and it would have required Vélez-Soto to serve time in a

state facility.  The 280-month concurrent sentence amounts to 76 additional months on the federal conviction and allows Vélez-Soto to serve the entirety of his sentence in a federal facility, consistent with his request.

Furthermore, the sentence was based on both the circumstances of the offense and Vélez-Soto's characteristics.  The court noted that the 280-month concurrent sentence was necessary to "reflect[] the seriousness of the offense," the federal interest in such a "big drug conspiracy," and to "adequately punish" Vélez-Soto who, while on bail, "continued to commit criminal conduct."  The court's emphasis on the nature of the crime over the mitigating factors cited by Vélez-Soto "was a choice of emphasis that is not a basis for a founded claim of sentencing error."  Zapata, 589 F.3d at 488 (internal quotation marks omitted).  The court provided a plausible explanation for its sentence, grounded in the record, and accordingly, it was substantively reasonable.

## III.

The district court did not abuse its discretion when it sentenced Vélez-Soto to 280 months' imprisonment on his federal drug charge, to be served concurrently with his state sentence. Because the sentence was procedurally sound and substantively reasonable, we affirm the judgment.

So ordered.